IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS LEE QUINE, <br> TDCJ-CID # 1223812, <br> Plaintiff, <br> <br> v. <br> <br> BRAD LIVINGSTON, *et al.*, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-06-1426 |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Thomas Lee Quine, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, files this complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. The threshold question is whether Quine's claims should be dismissed for failure to state a claim. The Court concludes that this lawsuit fails to state a claim, and should be dismissed for the reasons that follow.

### I. CLAIMS

According to his complaint and more definite statement, Quine was working in the prison kitchen and was excused by Officer Lapau to go to the restroom. As plaintiff walked through the kitchen and dining areas to the restroom, he walked past an ice machine where several inmates were standing. As he walked around the inmates, he slipped and fell on pieces of crushed ice and water that were on the floor, and broke his ankle. Captain Gibbs ordered Officer Lapau and Sergeant Comeux to clean up the floor and place "wet floor" signs

around the area. Plaintiff's exhibits show that prior to the incident, he received safety training for working in slippery areas.

Plaintiff claims that the officers were negligent and violated prison safety regulations in allowing the floor to become slippery and not posting "wet floor" signs to warn him of the danger. He further claims that he was returned to kitchen duty a few months after corrective surgery on his ankle, which caused pain and discomfort for which he was given only ibuprofen. Plaintiff asserts that defendants were deliberately indifferent to his health and safety needs in violating safety regulations and in not warning him about the slippery floor. He seeks monetary compensation.

## II. ANALYSIS

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

In the instant case, petitioner asserts that defendants violated prison safety regulations by failing to place "wet floor" signs around the ice machine warning him of the dangerous

conditions. Petitioner's slip and fall claim constitutes a "garden-variety" negligence claim that does not present an issue of constitutional dimension. *See Marsh v. Jones*, 53 F.3d 707 (5th Cir. 1995). To the extent plaintiff complains that he received only ibuprofen for pain-relief upon his return to kitchen duty, such claim stands as a disagreement with medical care that does not present an issue of constitutional dimension. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Plaintiff's lawsuit is subject to dismissal for failure to state a claim.

### III. CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 12th day of June, 2006.

GRAY H. MILLER
UNITED STATES DISTRICT JUDGE